on any idea that there is no court which can administer the statute. It were better to say—if there is no court which can give a judgment or decree in favor of the claimant without violating the statute, then no decree or judgment can be rendered. And, if it were clear, by reason of the number of claimants who have sustained losses and their residence in various states, that there is no tribunal which can obtain jurisdiction of all, it would be plausible, at least, to say, that the court is compelled to proceed with the parties of whom they have jurisdiction, and render justice as between them, upon all the proofs either may offer bearing on the liability according to the limitation which the statute has declared.

The decree must be affirmed.

[The decree of the circuit court was affirmed by the supreme court, 13 Wall. (80 U. S.) 104. For other cases growing out of the same collision, and involving some of the same questions, see Cases Nos. 11,202 and 2,760–2,762.]

---

WRIGHT v. ORIENT MUT. INS. CO. See Case No. 18,095.

---

## Case No. 18,088.

### WRIGHT et al. v. OWNERS OF THE FRANCESCA CURRO.

[5 Wkly. Notes Cas. 104.]

District Court, E. D. Pennsylvania. Dec. 21, 1877.

SHIPPING—SIMULTANEOUS CHARTERS FOR SUCCESSIVE VOYAGES—BREACH OF FIRST—EFFECT ON SECOND.

[A vessel was, by separate charter parties, chartered to the same parties for two successive voyages. On arrival for the first voyage, the charterers refused to accept her, claiming that she had not sailed as agreed. She was thereupon let to them for the same voyage, for a less rate; and suit was brought by her owners for the difference, and a decree was obtained by them, which was paid. Held, that this breach, by the charterers, of the first charter party, did not release the ship from the second charter party, and she was bound to make the second voyage on the terms agreed.]

In admiralty. Libel for breach of charter party. The libellants had chartered the bark Francesca Curro, then at Genoa, to sail from Philadelphia to a port in Great Britain, it being expressly stipulated that she should sail from Genoa (for Philadelphia) during the month of December, 1876. Upon her arrival here in February, 1877, the libellants refused to receive her under the charter, alleging that she had not sailed during December. Freight having fallen, they rechartered her for the same voyage on exactly the same terms, except at a lower rate of freight, and an action brought to recover the difference was decided by this court in favor of the vessel. [Case No. 5,029.] The decree was paid by the present libellants, and the voyage performed under the re-charter. Upon the same day that the original charter had been made, a second one was also made, of the same vessel, by the same parties. This charter was headed "Second Voyage," and in the margin were written the following words: "It is agreed and understood that the vessel, being already chartered for a previous voyage, has after completion of same to return to Delaware breakwater for orders, without delay, and in ballast, to enter upon this charter." After the completion of the voyage under the re-charter, the vessel returned to Delaware breakwater, and the master telegraphed his arrival to his agents in Philadelphia, who notified the libellants, and asked for orders. The libellants thereupon ordered the master to Philadelphia, and he came and laid up at a dock. The libellants then ordered the vessel to Girard Point for loading, but the master refused to go, alleging that the libellants, having broken the first charter, were not entitled to the benefits of the second. Freights having advanced, this action was brought upon the second charter to recover the difference.

Henry Galbraith Ward, for libellants.

The contracts made in this case were to be performed or paid for. The dependence of the second on the first was merely to secure two consecutive voyages, which could only be secured by referring in the second charter to the first. The first voyage was really performed, though not under the original charter, and the respondents were bound, therefore, to perform the second; there being nothing but the rise in freights to prevent it. Only so far as the conduct of one party prevented the performance of the contract will the other be excused. Dubois v. Canal Co., 4 Wend. 285. In this case the conduct of the libellants did not prevent performance, and the ship reported to the libellants on her return from the first voyage for orders. In the first suit the ship complained only of the breach of the first charter, damages were only awarded for that, and those damages have been paid.

Henry Flanders, for respondents.

The contract was, in substance, a single one, providing for two voyages. The first was never performed, through the acts of libellants; therefore the second was impossible of performance.

THE COURT dismissed the libel, with costs.

---

WRIGHT (PAGE v.). See Case No. 10,669.

WRIGHT (PAINE v.). See Case No. 10,676.

---

## Case No. 18,089.

### WRIGHT v. PENNSYLVANIA R. CO.

[This is a state case, reported in 3 Pittsb. R. 116, and 16 Pittsb. Leg. J. 144.]